Mark E. Merin (State Bar No. 043849)
Paul H. Masuhara (State Bar No. 289805)
LAW OFFICE OF MARK E. MERIN
1010 F Street, Suite 300
Sacramento, California 95814
Telephone:     (916) 443-6911
Facsimile:     (916) 447-8336
E-Mail:          mark@markmerin.com
                     paul@markmerin.com

Attorneys for Plaintiff
DANZEL STEARNS

## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

## SACRAMENTO DIVISION

| | |
|---|---|
| DANZEL STEARNS, on behalf of himself and all similarly situated persons,<br><br>                    Plaintiffs,<br><br>vs.<br><br>INMATE SERVICES CORPORATION and DOES 1 to 100,<br><br>                    Defendants. | Case No.<br><br>**CLASS ACTION COMPLAINT FOR VIOLATION OF CIVIL AND CONSTITUTIONAL RIGHTS**<br><br>**DEMAND FOR JURY TRIAL** |

## **INTRODUCTION**

Picked up in Colorado Springs, Colorado, on a warrant from Mississippi, Plaintiff DANZEL STEARNS, a pretrial detainee, was chained hand and foot, with his hands anchored to a belly chain, and transported by Defendant INMATE SERVICES CORPORATION, sitting up in a van for nine continuous days to New Albany, Mississippi, where he was finally booked into the Union County Jail. The trip which should have taken 16½ hours, instead took over 200 hours as Defendant's van wandered through 13 states before finally delivering a sick sleep deprived STEARNS for prosecution on a minor drug charge.

The unnecessarily prolonged transport, fully chained, immobile, with no opportunity to wash even his hands, to change clothes, or to use the toilet more than irregularly and while chained, and able only to snatch an occasional nap while sitting up on hard seats for nine days continuous days, constituted

1

1  Cruel and Unusual punishment in violation of the Eighth Amendment to the United States Constitution,

2  and violated a host of other statutory and constitutional provisions, as well.

3  **JURISDICTION & VENUE**

4  1.  This Court has jurisdiction over the claims asserted herein pursuant to 28 U.S.C. § 1331

5  (in that they arise under the United States Constitution); 28 U.S.C. § 1343(a)(3) (in that the action is

6  brought to address deprivations, under color of state authority, of rights, privileges, and immunities

7  secured by the United States Constitution). This Court has supplemental jurisdiction of the state law

8  claims pursuant to 28 U.S.C. § 1367.

9  2.  Venue is proper in the United State District Court for the Eastern District of California

10  pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the

11  claim described herein occurred in the Eastern District of California.

12  3.  Intradistrict venue is proper in the Sacramento Division of the Eastern District of

13  California because a substantial part of the events or omissions giving rise to the claim described herein

14  occurred in the County of Sacramento, California.

15  **PARTIES**

16  4.  Plaintiff DANZEL STEARNS is a resident of New Albany, Mississippi.

17  5.  Defendant INMATE SERVICES CORPORATION is, and at all material times herein

18  was, a for-profit corporation with its principal place of business located in West Memphis, Arkansas.

19  6.  Defendant DOES 1 to 100 are and/or were agents or employees of Defendant INMATE

20  SERVICES CORPORATION, and acted within the scope of that agency or employment and under color

21  of state law. The true and correct names of Defendant DOES 1 to 100 are not now known to Plaintiff

22  STEARNS who sues Defendant DOES 1 to 100 by their fictitious names. Plaintiff STEARNS will

23  substitute the true and correct names of Defendant DOES 1 to 100 when ascertained.

24  **GENERAL ALLEGATIONS**

25  7.  At all times relevant herein, all wrongful acts described were performed under color of

26  state law and/or in concert with or on behalf of those acting under the color of state law. At all material

27  times herein, Defendants INMATE SERVICES CORPORATION and DOES 1 to 100 were acting under

28  the color of law; to wit, under color of statutes, ordinances, regulations, policies, customs and usages of

2

the United States and its States, including but not limited to the State of California.

8.      Plaintiff STEARNS alleges that Defendants INMATE SERVICES CORPORATION and DOES 1 to 100 transported him sitting up in a vehicle, in full restraints including handcuffs, leg irons, and waist chains, for more than 200 continuous hours.  Plaintiff STEARNS is informed and believe that others, similarly situated, including those who were on the transport vehicle with him, were transported in like conditions for prolonged periods of time well in excess of the time it should have taken to transport them from the places where they were picked up to the jail facilities to which they were delivered.

9.      Plaintiff STEARNS, and others similarly situated, allege that, during the time they were on Defendant INMATE SERVICES CORPORATION's vehicle, Defendants INMATE SERVICES CORPORATION and DOES 1 to 100 did not allow them to lie down, provided them with only limited access to a toilet, did not allow them to attend to personal hygiene, fed them only fast food, provided limited access to fluids, and deprived them of direct access to medical staff. As a direct result of Defendant INMATE SERVICES CORPORATION's polices, customs, or practices, Plaintiff STEARNS and others similarly situated, suffered physical as well as mental injuries, as detailed herein.

10.     Plaintiff STEARNS alleges that Defendant INMATE SERVICES CORPORATION's polices, customs, or practices subjected him and those similarly situated, to cruel and unusual punishment and that Defendants 1 to 100 used excessive force against them in violation of their rights, and the rights of persons similarly situated, secured by the Fourth, Eighth, and Fourteenth Amendments to the U.S. Constitution, and entitles Plaintiff STEARNS, and each of those similarly situated, to recover damages and attorneys' fees.

11.     Plaintiff STEARNS alleges that Defendants INMATE SERVICES CORPORATION and DOES 1 to 100 violated rights guaranteed to them under California law, including the Bane Act, pursuant to which Plaintiff STEARNS, and each of those persons similarly situated, are entitled to recover a minimum of $4,000 for each violation of rights secured to them by the California Constitution, California state laws, U.S. Constitution, or federal laws and attorneys' fees.

**Inmate Services Corporation**

12.     Defendant INMATE SERVICES CORPORATION is, and at all material times herein

3

1   was, a for-profit Arkansas corporation licensed to do business in California, which was in the business of

2   transporting inmates throughout the United States pursuant to contracts with local, state, and federal

3   agencies.

4           13.     The inmates transported by Defendant INMATE SERVICES CORPORATION include

5   adults and juveniles, males and females, pretrial detainees, sentenced prisoners, state mental hospital

6   inmates, and immigration detainees. Defendant INMATE SERVICES CORPORATION's policy,

7   custom, or practice is to strip search all inmates and restrain them, regardless of their security

8   classification, in handcuffs, waist or "belly" chains, and leg irons. "Belly" chains keep the inmates'

9   handcuffs at waist level Defendant INMATE SERVICES CORPORATION's policy, custom, or practice

10  is that inmates' restraints may not be removed while the inmate is in transit.

11          14.     Defendant INMATE SERVICES CORPORATION's transport vehicles or "transporters"

12  are compartmentalized into steel cages. Defendant INMATE SERVICES CORPORATION's policy,

13  custom, or practice is that inmates will remain on the vehicle, in their cages, in restraints, from the time

14  they are picked up until the time they are dropped off. Defendant INMATE SERVICES

15  CORPORATION has no written or unwritten policy stating the maximum number of hours an inmate can

16  be transported.

17          15.     Most of Defendant INMATE SERVICES CORPORATION's transport vehicles do not

18  have toilets on board. Inmates are allowed to use the toilet only when the vehicle is stopped and they are

19  escorted by a guard. Inmates remain in their restraints during use of the toilet.

20          16.     Defendant INMATE SERVICES CORPORATION has no policy promoting inmate

21  hygiene during transport. There is no running water. Prisoners are not allowed to wash, brush their teeth,

22  shave, or change their clothes.

23          17.     Defendant INMATE SERVICES CORPORATION has no nutritional guidelines for

24  prisoners. All of a prisoner's meals are comprised of fast food during transport.

25          18.     Defendant INMATE SERVICES CORPORATION does not provide sleeping berths for

26  inmates. Defendant INMATE SERVICES CORPORATION tells inmates not to lie down during the time

27  they are in the transport vehicle because if they go to sleep, the inmates could fall out of the seat or be

28  thrown forward when the vehicle makes a stop, as the vehicles are not equipped with seatbelts.

4

**COMPLAINT; DEMAND FOR JURY TRIAL**
*Stearns v. Inmate Services Corporation*; United States District Court, Eastern District of California, Case No. _____

**Danzel Stearns**

19.     On September 17, 2016, Defendant INMATE SERVICES CORPORATION picked up Plaintiff STEARNS in Colorado Springs, Colorado, on an outstanding warrant calling for him to be transported to Union County Jail in New Albany, Mississippi.

20.     Colorado City, Colorado is 1,105 miles from New Albany, Mississippi.

21.     Had Defendant INMATE SERVICES CORPORATION transported Plaintiff STEARNS directly from his pick-up to his drop-off location, the trip would have taken approximately 16.5 hours.

22.     Defendant INMATE SERVICES CORPORATION did not transport Plaintiff STEARNS directly. As a result, his trip took over 200 hours, or nine days.

23.     Defendant INMATE SERVICES CORPORATION transported Plaintiff STEARNS from Colorado Springs to and through approximately thirteen states, including California where the van stopped in Sacramento, picking up and dropping off other inmates, before finally delivering Plaintiff STEARNS to Union County Jail, in New Albany, Mississippi on September 25.  Instead of heading east from Colorado, Defendant INMATE SERVICES CORPORATION'S van headed west, traversing Utah, Nevada, and California, then turned south and returned through Nevada to Arizona and through New Mexico, Texas, Oklahoma, Louisiana, and Arkansas before reaching Mississippi.

24.     Throughout the trip, the restraints caused plaintiff physical and emotional pain, which became progressively worse, and caused Plaintiff STEARNS to suffer physical injuries. It was impossible for Plaintiff STEARNS to get comfortable. He could not stretch his legs or arms. He was not allowed to lie down. Sitting up, he was only able to sleep for a short time.

**CLASS ALLEGATIONS**

25.     Defendants INMATE SERVICES CORPORATION and DOES 1 to 100 used excessive force against Plaintiff STEARNS and those similarly situated and deprived them of the minimal civilized measure of life's necessities, including sleep, exercise, hygiene and medical care.

26.     Class action Plaintiffs are inmates transported by Defendant INMATE SERVICES CORPORATION on or after November 7, 2014, who were forced to remain in Defendant INMATE SERVICES CORPORATION's vehicle for more than 48 continuous hours.

27.     The class is divided into subclasses of inmates subjected to these conditions, continuously,

5

1   for more than 48, for more than 72 hours, for more than 96 hours, for more than 120 hours, for more than

2   144 hours, for more than 168 hours, and for more than 192 hours.  Since Plaintiff STEARNS was

3   transported continuously for more than 200 hours, he is situated to represent all of the proposed

4   subclasses.

5       28.     The class is also defined to include subclasses of inmates who were transported within the

6   State of California by Defendant INMATE SERVICES CORPORATION and its agents and/or

7   employees, and were forced to remain in the transport van for more than 48, 72, 96, 120, 144, 168, or 192

8   hours, whose claims are timely under California law, including the tolling provisions of California Code

9   of Civil Procedure sections 352 and 352.1.

10      29.     Pursuant to Federal Rule of Civil Procedure 23(a), the members of the class are so

11  numerous that joinder of all members is impractical. Plaintiff STEARNS does not know the exact

12  number of class members. Plaintiff STEARNS is informed and believes, and thereupon alleges, that there

13  are approximately 2,500 persons in the proposed classes.

14      30.     Pursuant to Federal Rule of Civil Procedure 23(a), Plaintiff STEARNS is informed and

15  believes, and thereupon alleges, that there are many facts common to the subclasses including but not

16  limited to: (a) whether Defendant INMATE SERVICES CORPORATION has and/or had a policy,

17  custom, or practice of transporting inmates in restraints for more than 48 hours at a time; (b) whether

18  Defendant INMATE SERVICES CORPORATION has and/or had a policy, custom, or practice of

19  depriving inmates of sleep; (c) whether Defendant INMATE SERVICES CORPORATION has and/or

20  had a policy, custom, or practice of adequate hygiene; (d) whether Defendant INMATE SERVICES

21  CORPORATION has and/or had a policy, custom, or practice of depriving inmates of adequate exercise;

22  and (e) whether Defendant INMATE SERVICES CORPORATION has and/or had a policy, custom, or

23  practice of depriving inmates of adequate medical care.

24      31.     Pursuant to Federal Rule of Civil Procedure 23(a), Plaintiff STEARNS is informed and

25  believes, and thereupon alleges, that there are many questions of law common to the subclasses including

26  but are not limited to: (a) whether transporting inmates in metal cages, restrained with handcuffs,

27  shackles, and a waist chain for more than 48 continuous hours violates the Fourth, Eighth, and/or

28  Fourteenth Amendments; (b) whether depriving inmates of sleep for more than 48, 72, 96, 120, 144, 168,

6

or 192 continuous hours violates the Fourth, Eighth, and/or Fourteenth Amendments; (c) whether restricting inmates' access to a toilet and sanitation for more than 48, 72, 96, 120, 144, 168, or 196 continuous hours violates the Fourth, Eighth, and/or Fourteenth Amendments; (d) whether depriving inmates of movement free of restraints for more than 48, 72, 96, 120, 144, 168, or 196 continuous hours violates the Fourth, Eighth, and/or Fourteenth Amendments; (e) whether failing to have inmates restraints checked by a trained medical professional for more than 48 continuous hours violates the Fourth, Eighth, and/or Fourteenth Amendments; and (1) whether a combination of these conditions imposed for more than 48, 72, 96, 120, 144, 168, or 196 continuous hours violates the Fourth, Eighth, and/or Fourteenth Amendments.

32.    Pursuant to Federal Rule of Civil Procedure 23(a), Plaintiffs STEARNS's claims are typical of each of the subclasses proposed. Plaintiff STREARNS has the same interests and suffered the same type of injuries as the putative class members. Plaintiff STEARNS's claims arose because of Defendant INMATE SERVICES CORPORATION's policy, custom, or practice of subjecting inmates to unlawful conditions of confinement, excessive force, and cruel and unusual punishment.

33.    Plaintiff STEARNS's claims are based upon the same legal theories as the claims of the subclass members.

34.    Each putative class member suffered actual damages as a result of being transported under the conditions imposed by Defendant INMATE SERVICES CORPORATION.

35.    Pursuant to Federal Rule of Civil Procedure 23(a), Plaintiff STEARNS will fairly and adequately protect the putative class interests. Plaintiff STEARNS's interests are consistent with and not antagonistic to the interests of the putative class.

36.    Pursuant to Federal Rule of Civil Procedure 23(b)(1)(A), prosecutions of separate actions by individual members of the putative class would create a risk that inconsistent or varying adjudications with respect to individual members of the putative class would establish incompatible standards of conduct for the parties opposing the class.

37.    Pursuant to Federal Rule of Civil Procedure 23(b)(1)(B), prosecutions of separate actions by individual members of the class would create a risk of inconsistent adjudications with respect to individual members of the putative class which would, as a practical matter, substantially impair or

1   impede the interests of the other members of the putative class to protect their interests.

2        38.     Pursuant to Federal Rule of Civil Procedure 23(b)(2), Plaintiff STEARNS is informed and

3   believes, and thereupon alleges, that Defendants INMATE SERVICES CORPORATION and DOES 1 to

4   100 have acted on grounds generally applicable to the putative class, thereby making appropriate the

5   final injunctive or declaratory relief with respect to the class as a whole.

6        39.     Pursuant to Federal Rule of Civil Procedure 23(b)(3), this class action is superior to other

7   available methods for the fair and equitable adjudication of the controversy between the parties. Plaintiff

8   STEARNS is informed and believes, and thereupon alleges, that the interests of members of the

9   subclasses in individually controlling the prosecution of a separate action is low, in that most putative

10  class members would be unable individually to prosecute any action at all. Plaintiff STEARNS is

11  informed and believes, and thereupon alleges, that the amounts at stake for individuals are so small that

12  separate suits would be impracticable. Plaintiff STEARNS is informed and believes, and thereupon

13  alleges, that most members of the putative class will not be able to find counsel to represent them.

14  Plaintiff STEARNS is informed and believes, and thereupon alleges, that it is desirable to concentrate all

15  litigation in one forum because it will promote judicial efficiency to resolve the common questions of

16  law and fact in one forum, rather than in multiple courts.

17       40.     Plaintiff STEARNS is informed and believes, and thereupon alleges, that the identities of

18  the putative class members may be ascertained from records maintained by Defendant INMATE

19  SERVICES CORPORATION. Plaintiff is informed and believes, and thereupon alleges, that records

20  maintained by Defendant INMATE SERVICES CORPORATION reflect the identity of each person who

21  was subjected to transportation, the time and location of pick-up, the time and location of drop-off, and

22  the duration of time each inmate remained in Defendant INMATE SERVICES CORPORATION's

23  vehicle. Plaintiff STEARNS is informed and believes, and thereupon alleges, that all of the foregoing

24  information is contained in Defendant INMATE SERVICES CORPORATION's records and that the

25  information necessary to identify the putative class members, by last known addresses, is readily

26  available from such records.

27       41.     Pursuant to Federal Rule of Civil Procedure 23(b)(3), class members must be furnished

28  with the best notice practicable under the circumstances, including individual notice to all members who

8

1  can be identified through reasonable effort. Upon certification, Plaintiff STEARNS contemplates that

2  individual notice will be given to class members at their last known address by first-class mail. Upon

3  certification, Plaintiff STEARNS contemplates that the notice will inform class members of the

4  following: (1) the pendency of the class action and the issues common to the class; (2) the nature of the

5  action; (3) a class member's right to "opt out" of the action within a given time, in which event the class

6  member will not be bound by a decision rendered in the class action; (4) a class member's right, if the

7  class member does not "opt out," to be represented by the class member's own counsel and to enter an

8  appearance in the case, otherwise the class member will be represented by Plaintiff STEARNS and his

9  counsel; and (5) the class member's right, if the class member does not "opt out," to share in any

10  recovery in favor of the class, and conversely to be bound by any judgment on the common issues

11  adverse to the class.

12  ## FIRST CLAIM

13  **(Fourth, Eighth, and Fourteenth Amendments to the U.S. Constitution; 42 U.S.C. § 1983)**

14    42. The First Claim is asserted by Plaintiff STEARNS, on behalf of himself and those

15  similarly situated, against Defendant INMATE SERVICES CORPORATION and DOES 1 to 100.

16    43. Plaintiff STEARNS realleges and incorporates the allegations of the preceding paragraphs

17  1 to 41, to the extent relevant, as if fully set forth in this Claim.

18    44. Defendants INMATE SERVICES CORPORATION and DOES 1 to 100's policies,

19  customs, or practices regarding the transportation of inmates violated the rights of Plaintiff STEARNS,

20  and each of those similarly situated, under the Fourth, Eighth, and Fourteenth Amendments, to be free

21  from unlawful conditions of confinement, the use of excessive force, and cruel and unusual punishment,

22  and violated the rights of plaintiffs, and each of those similarly situated, under the Fourteenth

23  Amendment, to due process and privacy.

24    45. Defendants INMATE SERVICES CORPORATION and DOES 1 to 100's actions and

25  inactions were motivated by evil motive or intent, involved reckless or callous indifference to Plaintiff

26  STEARNS's Fourth, Eighth, and Fourteenth Amendment rights secured by the U.S. Constitution, or were

27  wantonly or oppressively done.

28    46. As a direct and proximate result of Defendants INMATE SERVICES CORPORATION

1   and DOES 1 to 100's actions and inactions, Plaintiff STEARNS suffered injuries entitling him to receive

2   compensatory and punitive damages.

3         WHEREFORE, Plaintiff STEARNS pray for relief as hereunder appears.

4   **SECOND CLAIM**

5   **(Cal. Civ. Code § 52.1)**

6         47.     The Second Claim is asserted by Plaintiff STEARNS, on behalf of himself and those

7   similarly situated, against Defendant INMATE SERVICES CORPORATION and DOES 1 to 100.

8         48.     Plaintiff STEARNS realleges and incorporates the allegations of the preceding paragraphs

9   1 to 41, to the extent relevant, as if fully set forth in this Claim.

10         49.     Defendants INMATE SERVICES CORPORATION and DOES 1 to 100 intentionally

11   interfered with Plaintiff STEARNS's civil rights, and each of those similarly situated, by threats,

12   intimidation, or coercion, in violation of rights secured under the First, Eighth, and Fourteenth

13   Amendments to the U.S. Constitution, and rights secured under article I, sections 7 and 13 of the

14   California Constitution.

15         50.     Defendants INMATE SERVICES CORPORATION and DOES 1 to 100's actions and

16   inactions constituted oppression and/or malice resulting in great harm to Plaintiff STEARNS.

17         51.     Defendant INMATE SERVICES CORPORATION is indirectly and vicariously liable,

18   through the principles of *respondeat superior*, for injuries proximately caused by acts or omissions of its

19   agents and/or employees, Defendant DOES 1 to 100, acting within the scope of their agency or

20   employment.

21         52.     As a direct and proximate result of Defendants INMATE SERVICES CORPORATION

22   and DOES 1 to 100's actions and inactions, Plaintiff STEARNS suffered injuries entitling him to receive

23   compensatory and punitive damages.

24         WHEREFORE, Plaintiff STEARNS prays for relief as hereunder appears.

25   **PRAYER FOR RELIEF**

26         WHEREFORE, Plaintiff DANZEL STEARNS, on behalf of himself and those similarly situated,

27   seeks Judgment as follows:

28         1.     For declaratory and injunctive relief declaring illegal and enjoining, preliminarily and

10

1   permanently, Defendant INMATE SERVICES CORPORATION and DOES 1 to 100's policies,

2   customs, or practices of transporting pretrial detainees and prisoners under the conditions described

3   herein;

4        2.     Certification of the action as a class action;

5        3.     For compensatory, general, and special damages for Plaintiff STEARNS and for each

6   member of the putative class and/or subclasses as against Defendants INMATE SERVICES

7   CORPORATION and DOES 1 to 100;

8        4.     Exemplary damages as against Defendants INMATE SERVICES CORPORATION and

9   DOES 1 to 100 in an amount sufficient to deter and to make an example of those defendants;

10       5.     Attorneys' fees and costs, pursuant to 42 U.S.C. § 1988, Cal. Civ. Code § 52.1; Cal.

11  Code Civ. Proc. § 1021.5, and any other applicable statute; and

12       6.     For an award of any other further relief, as the Court deems fair, just, and equitable.

13  Dated: November 15, 2016                    Respectfully Submitted,

14

15

16                               By: _____

17                                Mark E. Merin
                                  Paul H. Masuhara

18                                LAW OFFICE OF MARK E. MERIN
                                  1010 F Street, Suite 300

19                                Sacramento, California 95814
                                  Telephone:     (916) 443-6911

20                                Facsimile:     (916) 447-8337

21                                Attorneys for Plaintiff
                                  DANZEL STEARNS

22

23

24

25

26

27

28

## JURY TRIAL DEMAND

A JURY TRIAL IS DEMANDED on behalf of Plaintiff DANZEL STEARNS.

Dated: November 15, 2016

Respectfully Submitted,

By: _____

Mark E. Merin
Paul H. Masuhara
LAW OFFICE OF MARK E. MERIN
1010 F Street, Suite 300
Sacramento, California 95814
Telephone:      (916) 443-6911
Facsimile:      (916) 447-8337

Attorneys for Plaintiff
DANZEL STEARNS