## IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
## JONESBORO DIVISION

**DANZEL STEARNS**                                                              **PLAINTIFF**

**v.**                    **Case No. 3:16-cv-00339-BRW-JJV**

**INMATE SERVICES CORPORATION**
**and DOES 1 to 100**                                             **DEFENDANTS**

## AGREED PROTECTIVE ORDER

This Protective Order is filed by agreement of the parties, and with the express consent of counsel for all parties hereto.

It appearing that discovery in this action may require disclosure by the parties or by third parties of private, confidential, and sensitive information, **IT IS HEREBY ORDERED,** in accordance with F.R.C.P. 26, that the following provisions shall govern the conduct of discovery in this action:

1. "Confidential Information" as used herein, means personnel, protected health information and personal identifying information that is designated by a producing or providing party as "Confidential" whether it be testimony, a document, or information contained in a document.

2. Confidential Information and information derived therefrom may only be disclosed or made available to the following persons who shall be designated as "Qualified Persons":

    (a) The parties and their respective attorneys, including in-house attorneys employed by the parties, who are representing a party to this action and employees of such

attorney to whom it is necessary that materials be disclosed for purposes of this litigation;

  (b) Actual or potential deponents or witnesses, but only to the extent there is a legitimate need for such disclosure;

  (c) Independent investigators, experts and/or consultants, retained by the parties in preparation of this case, to whom it is necessary that the information be shown for the purposes of this litigation;

  (d) The Court, its employees and agents, court reporters and their agents in depositions, hearings, or trial in this action to whom it is necessary that information be disclosed for purposes of this litigation;

  (e) Mediators or similar outside parties and their staffs, enlisted by all parties to assist in the resolution of this matter; and

  (f) Any other person designated by the Court, after notice and hearing, or designated by written agreement of the parties.

  3. In the event that a party believes there is a legitimate need to disclose Confidential Information to persons other than Qualified Persons, the parties shall confer and attempt to resolve the issue in good faith. In the event the parties cannot reach an agreement, any party may bring before the Court the question of whether disclosure should be permitted.

  4. Qualified Persons shall not disclose, discuss, or disseminate, directly or indirectly, Confidential Information to persons other than Qualified Persons, nor shall Qualified Persons make public disclosure of any Confidential Information.

  5. The producing party may designate documents produced in this action as Confidential Information by marking documents as "Confidential." In lieu of marking every page

of a document, the producing party may mark the first page of a document as "Confidential" and the entire document shall be designated as Confidential Information.

6.  If Materials designated as "Confidential" are filed with the Clerk of this Court, they must be filed in a sealed envelope in compliance with this Court's policies for civil filings. The sealed envelope also must contain the following statement:

> "CONFIDENTIAL: THE CONTENTS OF THIS ENVELOPE ARE NOT TO BE SCANNED AND ARE SUBJECT TO A PROTECTIVE ORDER OF THIS COURT AND SHALL NOT BE SHOWN TO ANY PERSONS OTHER THAN A JUDGE OF THIS COURT OR AN ATTORNEY IN THIS CASE."

7.  To the extent that Confidential Information is described or used in a deposition, such documents or information shall remain subject to the provisions of this Order, along with the transcript pages of the deposition testimony dealing with the Confidential Information. Upon receipt of such transcripts, the party desiring a confidential designation shall have thirty (30) days to inform the parties of portions of (or all of) such transcripts it deems confidential and subject to this Order. Only that specific testimony - subject to the other party's right to challenge the designation as described herein - shall be considered protected.

8.  In the event that any party disagrees with the designation of any information as Confidential, the parties shall confer and attempt to resolve the issue in good faith. The party challenging the confidentiality may bring before the Court the question of whether such designation should be permitted. The information will be treated as confidential until the Court rules on any dispute as to confidentiality.

9. Nothing shall prevent disclosures beyond the terms of this Order if the party designating the material as Confidential Information consents to such disclosure or if the Court, after notice to all affected parties, orders such disclosure.

10. The inadvertent or unintentional production of any Confidential Information shall not be deemed as a waiver, in whole or in part, of the producing party's claim of confidentiality, either as to the specific information disclosed or as to any other related information. Upon receipt of written notice from the producing party, the receiving party shall immediately give notice thereof to each person to whom the previously undesignated document, information, or thing was in the interim disclosed. The receiving party shall use its best efforts to retrieve all copies of the document, information, or thing distributed to persons other than Qualified Persons, and thereafter such document, information, or thing and all such persons shall be subject to the provisions of this Order.

11. Within sixty (60) days of the conclusion of this litigation, including any appeals, all Confidential Information furnished pursuant to this Order, and all copies thereof, shall be returned to the producing attorneys, or at the producing party's option, destroyed by counsel for the receiving party. If destroyed, counsel for the receiving party shall provide the producing party with an affidavit of destruction.

12. Confidential Information may not be disclosed to a Qualified Person, other than the parties and their respect counsel and employees of counsel, as well as Court personnel, unless such person first executes and delivers the Affidavit in the form attached as Exhibit A.

13. This Order is entered without prejudice to the right of any party to seek modification of this Order.

14. The terms and conditions of this Order shall survive and remain in full force and effect after termination of these actions. The Court shall retain jurisdiction, both before and after the entry of a final judgment in this case, whether by settlement or adjudication, to construe, enforce, and amend the provisions of this Order.

15. The parties have agreed to submit this Order to the Court for entry in the above captioned matter.

**DATED** this 29th day of December, 2017.

_/s/ Joe J. Volpe_____
United States Magistrate Court Judge

**APPROVED AND AGREED:**

_____
Mark E. Merin
LAW OFFICE OF MARK E. MERIN
1010 F Street, Suite 300
Sacramento, California 95814

Paul J. James
JAMES, CARTER & PRIEBE, LLP
500 Broadway, Suite 400
Little Rock, Arkansas 72203
    *Attorney for Plaintiff*


_____
Mark Mayfield
Chuck Gschwend
WOMACK PHELPS
  PURYEAR MAYFIELD & McNEIL, P.A.
P.O. Box 3077
Jonesboro, AR 72403
    *Attorneys for Defendant Inmate Services Corporation*

EXHIBIT A

AFFIDAVIT OF _____________________

STATE OF ) _________________
COUNTY OF ) _________________

Before me, the undersigned Notary Public, in and for said County and State, personally appeared ______________________________who after first being duly sworn, states as follows:

My name is ___________________________I am over the age of 18 years and am a resident of County.

1. I make this Affidavit based upon my personal knowledge; and I am competent to testify to the matters stated herein.

2. I am aware that a Protective Order has been entered in *Stearns v Inmate Services Corporation, et al.*, Case No. 3:16-cv-00339 BRW-JJV, which is pending in the United States District Court, Eastern District of Arkansas. A copy of that Protective Order has been shown to me, and I have read and understand its contents.

3. By signing this Affidavit, I promise that I will use the materials and contents of the materials designated "Confidential" pursuant to the above-described Protective Order for the purpose of assisting counsel for a party to the above-described civil action in the adjudication of that action and for no other purpose.

4. By signing this Affidavit, I also promise that I will not communicate, disclose, discuss, identify, or otherwise use materials or the contents of materials designated "Confidential" pursuant to the above-described Protective Order to persons other than "Qualified Persons" set forth in the Protective Order.

5. By signing this Affidavit, I also promise that I will not copy, transcribe, or

otherwise reproduce, or cause to be copied, transcribed, or otherwise reproduced, by any means whatsoever, any materials or the contents of any materials designated "Confidential" pursuant to the above-described Protective Order except to the extent to which I am directed to do so by counsel for a party to the above-described civil action, in which case all such copies, transcriptions, or reproductions shall be made solely for my own use in connection with my work in the above matter. I further promise at the conclusion of this case to deliver upon request all materials (originals and copies) designated "Confidential" to the counsel who originally directed that said materials be provided to me.

6. I understand that, by signing this agreement, I am agreeing to subject myself to the jurisdiction of this Court.

7. I understand that any use or distribution of the materials or contents of the materials designated "Confidential" pursuant to the above-described Protective Order in any manner contrary to the provisions of the Protective Order will subject me, among other things, to the summary sanctions of this Court for contempt.

FURTHER AFFIANT SAYETH NOT.

_____
Signature of Affiant

Subscribed and sworn to before me this ____day of _____ , 2017.

_____
Notary Public