**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**NORTHERN DIVISION**

**DANZEL L. STEARNS**                                                    **PLAINTIFF**

vs.                                     **3:16-CV-00339-BRW-JJV**
                                        **3:19-CV-00100-KGB-JTR**
                                        **3:19-CV-00121-KGB-BD**

**INMATE SERVICES CORPORATION,** *ET AL.*                     **DEFENDANTS**

<u>**ORDER**</u>

Pending is Defendant's Motion for Judgment on the Pleadings (Doc. No. 167) and

Plaintiff's Motion for Leave to File Third Amended Complaint (Doc. No. 169).  Responses have

been filed for each motion.  For the reasons set out below, Defendant's Motion for Judgment on

the Pleadings (Doc. No. 167) is GRANTED and Plaintiff's Motion for Leave to File Third

Amended Complaint (Doc. No. 169) is DENIED.

**I.      BACKGROUND**

Plaintiff has sued Defendant Inmate Services Corporation (ISC) and others about his

transportation from Colorado to Mississippi in two sets of cases pending in this District.  In 3:16-

cv-00339-BRW-JJV, which was filed in November 2016, Plaintiff says Defendants violated his

due process rights and subjected him to cruel and unusual punishment in violation of 42 U.S.C. §

1983 and the California Bane Act (Cal. Civ. Code § 52.1).  In 3:19-cv-00100-KGB-JTR and

3:19-cv-00121-KGB-BD, which are diversity actions, Plaintiff claims Defendants acted

negligently, committed the tort of outrage, and violated the Arkansas Civil Rights Act (Ark.

Code. Ann. § 16-123-105(a)).  These later two cases, which were filed three years after 3:16-cv-

00339-BRW-JJV, have been consolidated for a resolution on the merits. Additionally, two

insurance companies have intervened in 3:16-cv-00339-BRW-JJV, seeking declaratory relief

regarding their duties to defend and indemnify, but they have not done so in the other two cases.

The Prison Litigation Reform Act applies to 3:16-cv-00339-BRW-JJV because Plaintiff filed it while he was in custody, but it does not apply to the other two cases that Plaintiff filed after he was released.  Respondeat superior liability applies to the state law claims in 3:19-CV-00100-KGB-JTR and 3:19-CV-00121-KGB-BD, but not to the constitutional ones in 3:16-cv-00339-BRW-JJV.

In July, 2020, the cases were consolidate "for discovery purposes" only.[1]  On July 28, 2020, Plaintiff filed a Consolidated Second Amended Class Action Complaint bearing all three case numbers and including all of his constitutional and diversity state law claims.[2]  Then, Plaintiff filed a Motion for Class Certification.  It was unclear whether he was seeking certification of the constitutional claims in 3:16-cv-00339-BRW-JJV as well as the diversity state law claims in 3:19-cv-00100-KGB-JTR and 3:19-cv-00121-KGB-BD.[3]  I denied class certification in 3:16-cv-00339-BRW-JJV and dismissed the certification issue in 3:19-CV-00100-KGB-JTR and 3:19-CV-00121-KGB-BD as premature.[4]  The discovery cutoff is July 14, 2021.[5]  A jury trial in 3:16-cv-00339-BRW-JJV is scheduled for October 12, 2021, while no trial date has been set in 3:19-CV-00100-KGB-JTR and 3:19-CV-00121-KGB-BD.

II.     DISCUSSION

A.      Judgment on the Pleadings

Defendant ISC has filed a Motion for Judgment on the Pleadings seeking dismissal of Does 1 to 100, who are the potential class members' unknown van drivers for, due to the

---

[1] Doc. No. 116 at 1.

[2] Doc. No. 120.

[3] Doc.  No. 138.

[4] Doc. No. 165.

[5] Doc. No. 166.

expiration of the statute of limitations.[6]  According to the caption of the pleading, the Motion applies to 3:16-cv-00339-BRW only.  In response, Plaintiff filed a "Statement of Qualified Non-Opposition" stating he "does not necessarily agree with any of Defendant ISC's arguments" but nonetheless agrees to dismissal of the Doe Defendants because, if necessary, he can seek permission to amend the complaint for good cause.[7]

Additionally, I note inclusion of the Doe Defendants is no longer necessary in 3:16-cv-00339-BRW because class certification has been denied, and Plaintiff has specifically named the two drivers involved in his transportation.  Accordingly, the Motion for Judgment on the Pleadings is GRANTED, and the Doe Defendants are dismissed without prejudice from 3:16-cv-339-BRW-JJV.

**B.     Leave to Amend**

Plaintiff seeks permission to file a Consolidated Third Amended Class Action Complaint that again incorporates his constitutional and state law claims from all three cases.[8]  However, Plaintiff is also seeking certification of a narrowed class that is defined as all pretrial detainees who were restrained and required to remain on the transport vehicles without any overnight stops for more than 24 continuous hours, 48 continuous hours, etc.  In contrast, the class definition for the diversity state law claims is all inmates, which I presume includes pretrial detainees as well as convicted prisoners.

The Motion to Amend is denied for three reasons.  First, as previously explained, these cases have been consolidated *for discovery purposes only*.  For that reason, I am striking the Consolidated Second Amended Class Action Complaint from the record as improperly including

---

[6] Doc. Nos. 167, 168.

[7] Doc. No. 170 at 4-5.
[8] Doc. No. 169.

claims from another lawsuit that do not belong in this case.  To make the record clear, Plaintiff has fourteen days to file a Second Amended Complaint containing only his remaining individual claims in 3:16-cv-00339-BRW-JJV.

Second, the proposed amended complaint continues to seek relief under the Eighth Amendment which Plaintiff, as pretrial detainee, has no standing to seek.

Third, in my July 21, 2020 Order that was issued six months ago, I cautioned the parties "continued amendments of the complaint are unlikely" due to the age of the case.[9]  I have entered a Final Scheduling Order, and the denial of class certification, which was thoroughly briefed initially and in objections, is not good case for delaying the resolution of this case.  *See* Fed. R. Civ. P. 16(b)(4).  Plaintiff has delayed in seeking to change his class definition and allowing him to do so at this late stage in this case would result in undue prejudice to the Defendants.  *See* Fed. R. Civ. P. 15(a)(2).

## CONCLUSION

Defendant ISC's Motion for Judgment on the Pleadings (Doc. No. 167) is GRANTED, and the Doe Defendants are DISMISSED without prejudice in 3:16-cv-339-BRW-JJV.  The Doe Defendants remain in 3:19-cv-00100-KGB-JTR  and 3:19-cv-00121-KGB-BD.

Plaintiff's Motion for Leave to Amend the Complaint (Doc. No. 169) is DENIED.

The Consolidated Second Amended Class Action Complaint (Doc. No. 120) is stricken from the record.  Plaintiff has fourteen days from the date of this Order to file a Second Amended Complaint that includes only his remaining individual claims in 3:16-cv-339-BRW-JJV.

---

[9] Doc. No. 116 at 2.

The consolidation Order (Doc. No. 116) is modified to clarify that motions and pleadings bearing all three cases numbers may be filed in this case *as to discovery matters only*.  All other motions and pleadings must be filed, and labeled according, in either: (a) 3:16-cv-339-BRW-JJV or (b) 3:19-cv-00100-KGB-JTR (lead) and 3:19-cv-00121-KGB-BD.

IT IS SO ORDERED this 7th day of January 2021.


Billy Roy Wilson
UNITED STATES DISTRICT JUDGE